## THE WENSLEYDALE.[1]

### ANDERSON et al. v. THE WENSLEYDALE.

#### (District Court, E. D. New York. March 10, 1890.)

SEAMEN—SICKNESS—HOSPITAL CHARGES—LIABILITY OF SHIP.

    A seaman, ill with fever, was sent to a hospital, and remained there 134 days. It appeared that, so far as the fever was concerned, he might have left the hospital at the end of two months, but that, owing to having had some of his toes amputated, he was unable at that time to stand on his feet or take care of himself. *Held*, that the ship was liable to the New York quarantine commissioners for the seaman's expenses during the entire period of his stay at the hospital.

In Admiralty.

Act by the New York quarantine commissioners to recover the hospital expenses of a sick seaman.

*Goodrich, Deady & Goodrich*, for libelant.

*Butler, Stillman & Hubbard*, for claimant.

BENEDICT, J. The only question raised in this case is whether the quarantine commissioners can recover of the ship the quarantine hospital expenses of the seaman named McCormack for the whole period of 134 days, during which time the seaman was in the Swinburn Island Hospital, whither he had been sent by the health officer pursuant to a statute

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

of the state of New York. The evidence shows that the Wensleydale arrived in New York with fever on board. Several of the crew were sick, one died after the vessel arrived, and eight were sent to the Swinburn Island Hospital, and among them a seaman named McCormack, who was apparently at the time at death's door, his extremities cold, and his ability to survive the transportation from the vessel to the hospital doubted. He subsequently recovered, but, owing to the cessation of the circulation of blood, it became necessary to amputate and nine of his toes were amputated in the hospital. He remained in the hospital 134 days, when he was discharged. After his discharge from the hospital he went to Boston, and there was compelled to go into a hospital, where some of his toes were again amputated. The health officer testifies that, so far as the fever was concerned, the man might have left the hospital at the expiration of two months, if he had had a place to go and friends to take care of him. But, although able to sit up, he was unable to stand upon his feet or take care of himself. Upon this evidence the claimant insists that the liability of the ship is to be limited to the hospital expenses of two months. I cannot agree with this. The seaman had been taken sick while in the services of the ship, and was entitled to be cared for at the expense of the ship. He was properly sent to the Swinburn Island Hospital, and was, so far as the ship is concerned, entitled to stay there until he was cured. At the expiration of two months he was far from being cured. Indeed, when he left the hospital on the 134th day he was not cured. I see no ground upon which to relieve the ship from the responsibility which the statute casts upon her for the expenses of the man for the whole time during which he was in the hospital. The libelants are entitled to a decree for the amount claimed, and costs.